**PHILIP MORRIS USA, INC., Plaintiff,**

v.

**A & V MINIMARKET, INC., et al., Defendants.**

**No. 07 Civil 8359(LAK).**

United States District Court, S.D. New York.

Jan. 26, 2009.

Jennifer L. Larson, Heller Ehrman, LLP, Sara Kate Pildis, Arnold & Porter, LLP, New York, NY, John C. Ulin, Arnold & Porter LLP, Los Angeles, CA, James Gerard Ryan, Marianne McCarthy, Cullen and Dykman, LLP, Garden City, NY, Krista Harris Cheatham, Heller Ehrman LLP, Washington, DC, for Plaintiff.

Stephen W. Edwards, Law Offices of Stephen W. Edwards, Brooklyn, NY, for Defendants.

## DEFAULT JUDGMENT

Whereas on December 15, 2008, the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, having issued a Report and Recommendation (the "report") recommending that the motions for default judgment be granted against each defendant listed below in the amount of $2,062.14 per defendant:

-La Favorita Deli Grocery Corp., a corporation d/b/a La Favorita Deli Grocery;

-Uptown Deli & Grocery Corp., a New York corporation d/b/a Taiz Grocery,

-I & I Convenience Store Inc., a New York corporation d/b/a I & I Convenience Store;

-TW Deli & Grocery Corp., a New York corporation d/b/a Jerome Deli Grocery,

-Leena Deli & Grocery Corp., a New York corporation d/b/a Leena Deli & Grocery,

-Menzal S. Azookari, individually and d/b/a Southern Blvd. Deli;

-Bronx # 1 Discount Grocery Corp., a New York corporation d/b/a N.Y. # 1 Discount Grocery;

-Adel Elsaidi, individually and d/b/a N.Y. Best Deli Grocery;

-R H S Grocery, Inc., a New York corporation d/b/a RHS Deli Grocery;

-University Deli & Grocery Corp., a New York corporation d/b/a University Deli;

-A & V Minimarket, Inc., a New York corporation d/b/a A & V Minimarket;

-Gold Mine Grocery, Inc., a New York corporation d/b/a Goldmine Grocery,

-Inkona News Stand, Inc., a New York Corporation d/b/a Ink On A;

-Mannys Mini Market, Inc., a New York corporation d/b/a Mannys Mini Market;

-Matthew Food Center Corp., a New York corporation d/b/a Matthew Deli Food Center;

-315 Grocery Corp., a New York corporation d/b/a 315 Grocery and Candy,

-Antero Olivo and Secindino Olivo, individually and d/b/a Olivo Grocery;

-Haaji Deli Grocery Inc., a New York corporation d/b/a Paradise Deli Grocery;

-Unknown Business Entity, d/b/a S & P News;

-Majmud Salej, individually and d/b/a Salej Grocery;

-Sammy's II Deli Grocery Inc., a New York corporation d/b/a Sammy's II Deli Grocery Inc.;

-San Juan Food Market, Inc., a New York corporation d/b/a San Juan Food Market;

-Waddah Almarwri, individually and d/b/a W.A. Deli Grocery;

-Steven Deli Supermarket Corp., a New York corporation d/b/a Steven Deli Market;

-Vega's Deli Grocery Inc., a New York corporation d/b/a New Watson Food Market;

-Gamil Hassan, individually and d/b/a West Farm Deli Grocery;

-JJP Food Center Inc., a New York corporation d/b/a 1086 JJP Food Center Inc.;

-394 Grocery Corp., a New York corporation d/b/a 394 Grocery;

-676 Castle Hill Gomez Grocery Corp, a New York corporation d/b/a 676 Castle Hill Deli;

-K & G Deli Grocery, Inc., a New York corporation d/b/a K & G Deli; and

-456 East W.A. Deli & Grocery Inc., a New York corporation d/b/a WA Grocery.

and that Philip Morris should also be granted injunctive relief against each of the above listed defendants in the following form:

It is hereby ORDERED that defendant, defendant's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with defendant are hereby PERMANENTLY ENJOINED from:

(i) purchasing, selling, offering for sale, or otherwise using in commerce and counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii) assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

(iii) interfering with or impeding in any way the inspections authorized by the following paragraph of this Order.

IT IS FURTHER ORDERED THAT defendant cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Moths USA to conduct inspections, without notice, of its inventory of cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks in order to determine whether any of them are counterfeit (such inspections may proceed at any of Defendants' retail establishments between the hours of 9 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about its suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in theft investigations of any suppliers of MARL-

BORO® and/or MARLBORO LIGHTS® cigarettes.

and the matter having come before the Honorable Lewis A. Kaplan, United States District Judge, and the Court, on January 6, 2009, having rendered its Order granting plaintiff's motions for default judgments for the reasons indicated in the report, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated January 6, 2009, plaintiff's motions for default judgments are granted for the reasons indicated in the report; accordingly, the motions for default judgment is granted against each defendant listed below in the amount of $2,062.14 per defendant:

-La Favorita Deli Grocery Corp., a corporation d/b/a La Favorita Deli Grocery,

-Uptown Deli & Grocery Corp., a New York corporation d/b/a Taiz Grocery,

-I & I Convenience Store Inc., a New York corporation d/b/a I & I Convenience Store;

-TW Deli & Grocery Corp., a New York corporation d/b/a Jerome Deli Grocery;

-Leena Deli & Grocery Corp., a New York corporation d/b/a Leena Deli & Grocery;

-Menzal S. Azookari, individually and d/b/a Southern Blvd. Deli;

-Bronx # 1 Discount Grocery Corp., a New York corporation d/b/a N.Y. # 1 Discount Grocery,

-Adel Elsaidi, individually and d/b/a N.Y. Best Deli Grocery;

-R H S Grocery, Inc., a New York corporation d/b/a RHS Deli Grocery;

-University Deli & Grocery Corp., a New York corporation d/b/a University Deli;

-A & V Minimarket, Inc., a New York corporation d/b/a A & V Minimarket;

-Gold Mine Grocery, Inc., a New York corporation d/b/a Goldmine Grocery;

-Inkona News Stand, Inc., a New York Corporation d/b/a Ink On A;

-Mannys Mini Market, Inc., a New York corporation d/b/a Mannys Mini Market;

-Matthew Food Center Corp., a New York corporation d/b/a Matthew Deli Food Center;

–315 Grocery Corp., a New York corporation d/b/a 315 Grocery and Candy,

-Antero Olivo and Secindino Olivo, individually and d/b/a Olivo Grocery;

-Haaji Deli Grocery Inc., a New York corporation d/b/a Paradise Deli Grocery;

-Unknown Business Entity, d/b/a S & P News;

-Majmud Salej, individually and d/b/a Salej Grocery;

-Sammy's II Deli Grocery Inc., a New York corporation d/b/a Sammy's II Deli Grocery Inc.;

-San Juan Food Market, Inc., a New York corporation d/b/a San Juan Food Market;

-Waddah Almarwri, individually and d/b/a W.A. Deli Grocery;

-Steven Deli Supermarket Corp., a New York corporation d/b/a Steven Deli Market;

-Vega's Deli Grocery Inc., a New York corporation d/b/a New Watson Food Market;

-Gamil Hassan, individually and d/b/a West Farm Deli Grocery,

-JJP Food Center Inc., a New York corporation d/b/a 1086 JJP Food Center Inc.;

–394 Grocery Corp., a New York corporation d/b/a 394 Grocery,

–676 Castle Hill Gomez Grocery Corp, a New York corporation d/b/a 676 Castle Hill Deli;

-K & G Deli Grocery, Inc., a New York corporation d/b/a K & G Deli; and

–456 East W.A. Deli & Grocery Inc., a New York corporation d/b/a WA Grocery.

and that Philip Morris is granted injunctive relief against each of the above listed defendants as follows:

It is hereby ORDERED that defendant, defendant's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with defendant are hereby PERMANENTLY ENJOINED from:

(i) purchasing, selling, offering for sale, or otherwise using in commerce and counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii) assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

(iii) interfering with or impeding in any way the inspections authorized by the following paragraph of this Order.

IT IS FURTHER ORDERED THAT defendant cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Moths USA to conduct inspections, without notice, of its inventory of cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks in order to determine whether any of them are counterfeit (such inspections may proceed at any of Defendants' retail establishments between the hours of 9 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such cigarettes determined to be counterfeit;

(b) responding to reasonable requests for information about its suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in theft investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.